UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROLANDO PUELLO PEREZ ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMUSEMENTS OF AMERICA, INC., ET AL., <br><br> Defendants. | CIVIL NO.: 03-1136 (JAF) |
| NELIDA YULISSA MAMAMI MULLISACA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMUSEMENTS OF AMERICA, INC., ET AL., <br><br> Defendants. | CONSOLIDATED WITH <br> CIVIL NO.: 03-1667 (JAF) |

**FINAL JUDGMENT BY DEFAULT**

The present judgment is entered after the default hearing held before the court on March 3, 2006, in consolidated Cases Nos. 03-1136 and 03-1667, against co-defendants Tivoli Manufacturing, LTD ("Tivoli"), and Amusement Technologies, Inc. ("AmTech"). The consolidated cases arise from injuries suffered on January 2, 2003, when the sweep arm of a carnival ride, named the "Spin Out" machine, broke away during its operation, causing injuries to the ride's passengers. Tivoli is the manufacturer of the Spin Out machine, and AmTech serves as Tivoli's authorized representative/distributor in the United States. The Clerk of Court entered Tivoli's default on May 24, 2004, Docket Document

No. 52, and AmTech's on November 10, 2005.  Docket Document No. 155.[1]

During the default hearing, Plaintiffs submitted the testimonies of Dr. Pablo G. Cáceres, expert on metallurgy and failure analysis, Dr. Néstor Cardona Cancio, expert on physical therapy and disability, and of Plaintiffs Nélida Yulissa Mamani Mullisaca and Augusto Mamani Chuquija.  In addition, Plaintiffs submitted eighteen pieces of documentary evidence.

According to the evidence received at the hearing, the failure of the Spin Out machine was caused by (1) metal fatigue resulting from a manufacturing defect that caused a crack at the weld point where the sweep arm was connected to the body of the machine; and (2) the failure of AoA, owner and operator of the Spin Out machine, to conduct the requisite monthly and annual inspections that would have resulted in the discovery of the

---

[1] The Plaintiffs in both consolidated actions had reached an agreement with Amusements of America, Inc. (hereinafter "AoA"), as a result of which they all voluntarily dismissed with prejudice their claims against AoA and its two insurance carriers, General Star Indemnity Co. and St. Paul Surplus Lines Insurance Co. A Partial Judgment was entered to that effect on October 14, 2005. Docket Document No. 147. Thereafter, Plaintiffs Rolando Puello Pérez, Miguel Puello Jiménez and Marisol Pérez Díaz moved for the voluntary dismissal of their claims against Tivoli and AmTech in Case No. 03-1136, Docket Document No. 156, and the court entered a Partial Judgment to that effect on December 30, 2005. Docket Document No. 161. At the beginning of the default hearing held on March 3, 2006, the court inquired from counsel whether any of the remaining Plaintiffs in Case No. 03-1136 were pursuing their claims against Tivoli and AmTech, and was answered in the negative. Hence, this Final Default Judgment also dismisses the claims asserted by Plaintiffs Miguel Puello Pérez and Migdalia González against Tivoli and AmTech in Case No. 03-1136.

crack.  According to the expert testimony of Dr. Cáceres, the manufacturing defect contributed to sixty-seven percent of the Spin Out machine's failure, while the remaining thirty-three percent resulted from the missed inspections.  See Acosta-Mestre v. Hilton Intern.of Puerto Rico, Inc., 156 F.3d 49, 54-55 (1st Cir. 1998) (holding that, under Puerto Rico law, strict liability attaches to manufacturers and sellers of a product with a defective condition).

The mechanical failure of the Spin Out machine on January 2, 2003, resulted in severe physical injuries to Plaintiff Nélida Mamani.  According to evidence presented at the hearing, Ms. Mamani required extensive medical treatment for her injuries, and ultimately has suffered a seventeen percent whole-person permanent disability.  Ms. Mamani testified that her injuries have resulted in the loss of her independence, the termination of her employment, the interruption of her studies, and both physical and mental pain.  Ms. Mamani has submitted her 2002 Income Tax Returns and W-2 Form, showing that she had earned $12,627 the year preceding her accident.

In light of her pain and suffering, Ms. Mamani seeks $1,000,000 in damages.  See Whitfield v. Melendez-Rivera, 431 F.3d 1, 17 (1st Cir. 2005) (Capping award for compensatory damages at $3,000,000 for shooting victim in a civil rights action that suffered 19% whole body impairment).

Co-Plaintiff Augusto Mamani, Ms. Mamani's father, alleges that as a result of having to care for his daughter's injuries, he has suffered mental pain and anguish, and ultimately, has been terminated from his employment.  Mr. Mamani's Income Tax Returns and W-2 Forms show that prior to his termination, he had earned $15,239.53 during 2003.  Mr. Mamani seeks $200,000 in damages from Defendants.

As noted, Plaintiffs have settled with Defendant AoA, which has been determined to be liable for 33% of the damages caused by the Spin Out machine's mechanical failure.  Pursuant to the holding of the Puerto Rico Supreme Court in <u>Szendrey v. Hospicare, Inc.</u>, we must deduct Defendant AoA's relative liability from the total damages to be awarded.  2003 TSPR 18.

Therefore, we ORDER Defendants Tivoli and AmTech to pay, jointly and severally, to Co-Plaintiff Nélida Yulissa Mamani Mullisaca the amount of $670,000 and to Co-Plaintiff Augusto Mamani Chuquija the amount of $134,000, plus costs, pre-judgment interest from January 2, 2004, at the prevailing rate, and $50,000 for attorney's fees.

San Juan, Puerto Rico, this 9th day of March, 2006.

                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                 Chief U.S. District Judge